IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | |
|---|---|
| JOHNNIE SHANNON, § § § PLAINTIFF, § vs. § § § UNDERWRITERS AT LLOYD'S, § LONDON, including Syndicates No. 3902, § *et al.,* § DEFENDANT. § | CIVIL ACTION CAUSE NUMBER 2:14-CV-174-J |

## MEMORANDUM OPINION AND ORDER
## GRANTING AMENDED MOTION FOR REMAND

Before the Court is Plaintiff Johnnie Shannon's timely amended motion for a remand of this civil case, and the response in opposition filed by the Defendant Lloyd's of London Syndicates. Plaintiff seeks a remand of this case because of citizenship-pleading defects stated in the original notice of removal, and later re-stated in the amended notice of removal. Defendant Lloyd's of London Syndicates' response stated, in essence, that it had done the best it could in the limited time afforded to obtain and plead the required information of each Syndicates' citizenships. After the Defendant filed its response, in essence pleading for more time to do needed discovery, the Court ordered Defendant to comply with the relevant and specific federal jurisdiction and citizenship pleading requirements. The Court granted the Defendant additional time to do so.

The Court also cautioned the Defendant that if it failed to fully do so, then it had not properly shown the existence of complete diversity jurisdiction, and this case must thereafter be remanded. The time for all discovery has now fully expired. The removing party still has not shown that complete diversity exists in this case, for the following reasons.

*Authorities*

Title 28, U.S. Code, Section 1441 states that a civil action is not removable if any "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). A case must be remanded if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party seeking removal has the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). A conclusion that the suit was improvidently removed requires remand. *See McIntyre v. Fallahay*, 766 F.2d 1078 (7th Cir. 1985); 28 U.S.C. § 1447(c).

It is well established that for a case to come within the diversity statute there must be complete diversity among all parties; that is, no plaintiff and no defendant may be citizens of the same state. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Complete diversity requires that all defendants be citizens of different states than are all plaintiffs, therefore the removing part must *affirmatively allege* the citizenship of all plaintiff and defendants. 28 U.S.C. § 1332. An allegation of *residency*, rather than citizenship, is inadequate to invoke a federal court's diversity jurisdiction. *Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925)(must plead citizenship as opposed to residency).

Courts treat corporations which are a real party in interest as entities having the status of citizens. *See Marshall v. Baltimore & Ohio R. Co.*, 57 U.S. (16 How.) 314, 328-29, 14 L.Ed. 953 (1854); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-89, 110 S.Ct. 1015, 1017-18, 108 L.Ed.2d 157 (1990)(explaining development of the citizenship status of corporations in diversity cases). *See also Neeley v. Bankers Trust Co. of Texas*, 757 F.2d 621, 634 n.18 (5th Cir. 1985)

(allegations regarding citizenship of corporation which *did not* set out principal place of business *as well as* state of incorporation fails to establish diverse citizenship).

Once jurisdiction is challenged, the party seeking to invoke federal jurisdiction has the burden of demonstrating its existence. *Willy v. Coastal Corp., supra,* 855 F.2d at 1164. "If proof is needed to support the jurisdictional allegations, the removing party must supply the necessary evidence." *Baucom v. Pilot Life Ins. Co.,* 674 F.Supp. 1175, 1178 (M.D. N.C. 1987). Until the removing party properly alleges the citizenship of all parties, a federal court is not shown to have diversity jurisdiction. *See American Motorists Ins. Co. v. American Employers' Ins. Co.,* 600 F.2d 15, 16 (5th Cir. 1979). If the removing party does not cure its deficient pleading by an amended notice of removal or other pleading, the case can be dismissed or remanded for want of jurisdiction. *Id.*; 28 U.S.C. § 1332.

### *Discussion and Analysis*

Plaintiff correctly points out the Defendant Lloyd's of London Syndicates have not properly pled all of the citizenships – as opposed to residencies – of their individual members and partnerships. In addition, to properly plead citizenship and the requisite full diversity jurisdiction, the Defendant Syndicates are required to properly plead both the principal places of business as well as the States of incorporation of all corporate syndicates that are real parties in interest in this case. This Court has found no case excusing these strict pleading requirements because the number of insurance and reinsurance syndicates is too numerous, or the requisite Lloyd's records are either not kept or are not easily and readily available to defense counsel.

Even though Plaintiff does not oppose removal – if complete diversity in fact exists – the court must remand a case where complete diversity has not been shown to exist. The Defendant

3

Syndicates not having carried their pleading and proof burdens as to the citizenship of all the defendant parties, this Court has not been show to have diversity jurisdiction.

This suit having been improvidently removed, this case is remanded back to the 47th Judicial Court in Randall County, Texas.

It is SO ORDERED.

Signed this the _____ day of June, 2015.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE